Cause No. PD-1346-14

IN THE COURT OF CRIMINAL
APPEALS
AUSTIN TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUN 17 2015
Abel Acosta, Clerk

| | | |
|---|---|---|
| CARL EDMOND YANCY | § | District Court |
| Movent | § | TRIAL COURT NO. 178th |
| V. | § | Cause NO. 1239111 |
| THE STATE OF TEXAS | § | Harris County, Texas |
| Appellee | § | |

FILED IN
COURT OF CRIMINAL APPEALS
JUN 19 2015
Abel Acosta, Clerk

TO THE HONORABLE JUDGE(S) OF SAID COURT

COMES NOW CARL EDMOND YANCY TDCJ-CID #1842638 begging the courts indulgence on this Movent's, Suggestion the Court Reconsider On It's Own Initiative, as Movent is unable to pay to have it properly typed nor can Movent afford one of the guys here with the fancy work on hand writting. Movent is handicaped in his right hand and is for and by all parts right handed so Movent is begging this Court to forgive this his handwritten Suggestion on this 12 day of June 2015

Suggest the Court Reconsider On
It's Own Initiative

_Carl Edmond Yancy_
TDCJ-CID #1842638
Stringfellow Unit
1200 FM 655
Rosharon Texas 77583

## Suggestion the Court Reconsider
## On It's Own Initiative

TO THE HONORABLE JUDGE(S) OF SAID COURT:

COMES NOW Movent, Carl Edmond Yancy TDCJ-CID #1842638 and suggest the Court of Criminal Appeals reconsider Movent's request. The Fifth Circuit has reconized this procedure as a valid reason to toll the time limitations under AEDPA. Lookingbill v. Cockrell 293 F.3d 256 (5th Cir. 2002); Emerson v. Jackson 243 F.3d 931 (5th Cir. 2001). These only interpret Texas law and the practice of The Court of Criminal Appeals. Movent reminds the Court that this is only a suggestion that the Court Reconsider On It's Own Initiative.

Movent would show the Court the reasons Movent suggest a reconsideration that Movent is Actually Innocent of committing the Charge/Crime. State withheld favorable evidence which in all probability would prove Movent's Actual Innocence, as State's own expert witnesses testified, that the DNA found belong to someone eles possibly the boyfriend.

### Evidence Exist In The
### Records that shows:

(A). That upon Cross-examinationation of the Complaintant Natasha, she revealed that she brought a boyfriend to the appartment, without permission. (R.R. Vol.3 at 190).

(B). Natasha claim that Appellant inserted his penis into her vagina once or twice a week in his bedroom with the sister in the apartment;

while the mother was at work. (R.R.Vol 3 at 147) see (E) this Evidence Exist

(C). Natasha-She stated that she did not want to move to San Antonio and leave her friends (R.R.Vol 3. at 176).

(D). Natasha testified that she texted Kierra to meet her and Jasmine at the bus stop because she was going to run away from Appellant (R.R.Vol. 3 at 178).

(E) Kerr also admitted that she found no evidence of sexual intercourse even though Natasha told her that Appellant had sexually assaulted her only 24 hours before the examination (R.R.Vol 3 at 104).

(F) Kerr-She testified that the attending physician diagnosed Natasha as a victim of sexual assault (R.R.Vol.3 at 69). (second hand testimony)

(G). She conceded that the DNA found on the various swabs and the panties did not match Appellant's DNA. (R.R.Vol 3 at 117).

(H). Trial Counsel was ineffective as of no pre-trial investigation and failed to investigate at all to prepare for trial.

(I). Trial counsel failed to file a Motion for New Trial

(J). On cross-examination, Phillips admitted that she did not preform the DNA analysis until 2012 (R.R.Vol.3 at 116).

(K) Brown described Appellant as a strict disciplinarian. (R.R.Vol 3 at 45).

(L). Natasha conceded that she made good grades in school because Appellant made her do her homework (R.R.Vol.3 at 193).

(M). She admitted that Appellant became very protective of her and Jasmine after their mother died. (R.R.Vol. 3 at 195).

(N) Failure of trial counsel to call expert medical witness to the defence.

On are about March 31, 2009 Natasha found out Movent was planning to move them to San Antonio, Texas, because Movent needed help with the raising two girls and they were getting out of hand. Natasha contended

that Appellant caused her to her anger and attitude problems (R.R.Vol. 3 at 189). Natasha claimed that Appellant's mother reprimanded Jasmine and not her for having pictures of naked men on her cell phone (R.R.Vol.3 at 212). And there is much, much, more Movent had to contend with, which is why Movent stopped paying the rent to make it to San Antonio. They were bringing boys to the apartment when Movent was at work or not home. Movent was a very strict disciplinarian and Natasha did not want to move, leaving her friends and a football playing boyfriend, that she got caught bring to the apartment. see (C) evidence exist).

Natasha with the help of her sister Jasmine who was caught with naked men on her cell phone, together they invented a tale of abuse and sexual assault to avert a move to San Antonio, Texas. Kerr stated there was no sign of sexual intercourse. see (F). It was also stated that the DNA belong to someone eles. see (G) She conceded that the DNA found on the various swabs and the panties did not match Appellant's DNA. (R.R.Vol.3 at 116). Movent's counsel did not object to the State's witness Kerr's use of secondhand testimony, see (F) evidence exist.

No rebuttal expert witnesses were called in Movent's defence as one point of ineffective assistance of counsel or file a Motion for New Trial. see (N) and (I) evidence exist.

In 2005 Movent's wife left home in the early hours to go looking for a job and was hit by a car and killed Movent and his daughter's waited, called the police the hospitals repeatedly with no results all weekend and no one called Movent/us, even though her home number was on her person. On monday after going to the police station with no results. That afternoon Movent was called by the ME's Office who said that they had my wife. Movent was so happy Movent asked to speak to her. There was silence, when the lady finally spoke, she said Mr. Yancy you misunderstand. This is the Medical Examiner's Office, your wife's here in the Morgue.

#3

My daughter's must have seen it in my facial expression, because they both started to cry and so did Movent, and that's why Brown said;- she admitted that Appellant became very protective of her and Jasmine after their mother died. (RR Vol. 3 at 195). (Friends ment going places where anything could happen to them. (FEAR))

The real twist of the knife came on March 31, 2009, the thing Movent feared the most came true, Movent's daughter's didn't come home one day. Movent was going to go through this all over again racing around this time in his car trying to find his daughter's, half crazy blinded by tears. Later that evening of March 31, 2009 the police knocked. Only after getting Movent calmed down did the twist and the hard pain come. Movent was told that his daughter's were ok, but that they, Natasha and Jasmine were accusing Movent of sexual assault. At around 7:00 pm March 31, 2009, Movent was struck with relief that his daughter's were ok and utter revolsion at what Movent was being accused of. see (D) (E) and (G) Evidence Exist

At the Children's Hospital, in Houston, Texas, a Sexual Assault Nurse Examiner (SANE)-Terra Kerr and a staff physician, examined the Complaintant's Natasha and her sister Jasmine Youngblood on April 1, 2009, April Fool's Day and found no semen and/or other biological material belonging to Movent-(E) (RR Vol. 3 at 104) and (G). (R.R. Vol. 3 at 117). Kerr testified that a two hour examination of Natasha did not reveal any trauma to Natasha's viginal, hymen, cervix, or perineum. (R.R Vol 3 at 80-84). She conceded that she found no physical evidence that Natasha had been sexually assaulted of course this can only be assumed of the sister of the same charge differant case no. 1239110. Both test results were released to the Harris County District Attorney's Office (State of Texas), and for what ever reason, State decided to withhold the favorable evidence which could prove Movent's Actual Innocence. See (E) and (G) Evidence exist, The DNA testing was done in 2012 two years after Movent's arrest. Zury Phillips a DNA analyst sent the results of the DNA after she had examined the various swabs and the panties...

#4

did indeed fine semen and other biological materials, that was released to the Harris County District Attorney's Office, (State of Texas), but was not previously subjected to DNA testing. Phillips; - She testified that Appellant was excluded as a DNA contributor to any of the substances tested (R.R.Vol.3at 113). proving prosecutorial misconduct by means of due process, Actual Innocence.

The probability of the fact of whether other people had access and the opportunity to assault the complaintant, is relevant to determination as to whether Movent's guilt is more probable or less probable, than it would be without the favorable evidence. Tex.R.Evid 401. Nevertheless the probabilities were created through variance that the possibilities exist on not just one but both Cases nos. 1239111 and dismissed case no 1239110 this one with the following explination. "Case to be file if necessary. Had the favorable evidence been admitted at Movent's trial or even at sentencing the probability exist that Movent would have been acquitted.

Excluding physical evidence, in this reguard, was error, since identity was and continues, (is), an issue, in the above cause(s) thus, a reasonable probability existed and even now exist that Movent would not have been prosecuted or convicted if the results of the Exculpatory Biological evidence had been obtained, through DNA testing of not only Movent, but also the boyfriends of the complaintant's and the Confidential Records released, the probabilities will continue to exist in both cases, the one Movent was convicted on and the one dismissed with explination-"Case to be filed if necessary, review of this favorable evidence is warranted as to prove Movent's **Actual Innocenee** (Evidence exist will be referanced by alphabet's (A) through (N) at the end of a praragraph to be consulted).

#5

# CERTIFICATE OF SERVICE

I, Carl Edmond Yancy, declare and state under penalty of perjury that the foregoing is true and correct and that this Movent's Suggestion the Court Reconsider On It's Own Initiative, was placed in the prison mailing system, on the 12 day of June, 2015.

Carl Yancey

TDCJ-CID #1842638
Stringfellow Unit
1200 FM 655
Rosharon Texas 77583

#6

(Conclusion)
## Suggestion the Court Reconsider
## On It's Own Initiative

Comes Now Movent, Carl Edmond Yancy TDCJ-CID # 1842638, and suggest the Court of Criminal Appeals reconsider Movent's rehearing. The Fifth Circuit has reconized this procedure as a valid reason to toll the time limitations under AEDPA. Lockingbill v. Cockrell 293 F. 3d 256 (5th Cir 2002); Emerson v. Jackson 243 F. 3d 931 (5th Cir. 2001) These only interpret Texas Law and the practice of the Court of Criminal Appeals. Movent reminds the Court that this is only a suggestion that the Court Reconsider On It's Own Initiative.

Movent would show to the Court, Movent's reasons for suggesting a reconsideration as follows; As to support Movent is Actually Innocent of committing the charge/crime: State withheld favorable evidence which in all probability would prove Movent's Actual Innocence, as the State's own witnesses testified, that the DNA found belonged to someone eles. (E),(G) of Evidence exist

(1). As to (Actual Innocence) "This showing must overcome the presumption that the conviction is valid and it must unquestionably establish applicant's innocence." Compare Ex parte Brown, 205 sw.3d at 548-549 with Ex parte Thompson 153 sw. 3d 416, 419-420 (Tex. Cr. App. 2005) without the favorable evidence Movent cannot prove Actual Innocence

(2) Movent's Conviction was obtained as a result of evidence that was insufficient to persuade a properly instructed reasonable jury of Movent's guilt beyond a reasonable doubt: (Insufficient Evidence) - "No Evidence" to support a conviction is a claim that is cognizable on writ of habeas Corpus, Ex parte Perales 215 sw.3d 418, 419 (Tex.Cr. App. 2007). There was also a violation of Brady in that the State failed to disclose evidence favorable to the accused. Evidence that impeaches the credibility of a government witness whose testimony "may well be determinative of [the defendant's] guilt or

innocence," is Brady material that the prosecution may not supress Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 766. 31 L.Ed 2d 104 (1972)(quoting Napue v. ILLINOIS, 360 U.S. 264, 79 S.Ct 1173-1177, 3 L.Ed 2d 1217 (1959). U.S. v. Martinez-Mercodo 888 F. 2d 1484, 1488 (5th. Cir. 1989). A due process violation of a constitutional right

(3) The State failed to provide Confidential Records and hendered Movent's ability to prove Actual Innocence. These records were material and pertient in proving a reasonable probability of Movent's Innocence. (Confidential Records Withheld) - The evidence proved to whom the DNA belonged and was material in that it proved Movent committed no Crime." A reasonable probability is a probability sufficient to undermine confidence in the outcome." United States v. Bagley. 473 U.S. at 682. 105 S.Ct. at 3383 (opinion of Blackman, J.); Id., 473 U.S. at 685. 105 S.Ct. 3385 (opinion of White. J.); Pennsylvania v. Ritchie, 480 U.S. 39, 56-59, 107 S.Ct. 989, 1001-02, 94 L.Ed. 2d 40 (1987)(majurity opinion).[6] U.S. v. Weintraub 871 F. 2d 1259 (5th Cir 1989). This was a constitutional violation.

(4) Movent was Convicted as stated previously on the basis of facts different than those facts on which the charges were based and on second hand testimony. Terra Keir - She testified that the attending physician diagnosed Natasha as a victim of sexual assault (R.R. Vol 3 at 69) - (Variance)" Therefore, if the State makes a unnecessary allegations descriptive of the Identity of the offence charge, the state must establish such allegations by evidence. see Peters v. State, 652, S.W. 2d 460, 461 (Tex. App-Houston [1st Dist.] 1983 Pet. ref'd. (E),(G),(F) Evidence Exist

(5) Movent's Counsel so utterly failed to defend against the charges that the trial was the functional equivalent of a guilty plea, rendering counsel's repersentation presumptively inadequate (Cronic Standard) - In Benson v. State 224 S.W. 3d 485, 491 (Tex. App. - Houston [1st] 2005, the Court of Criminal Appeals wrote:

"When a defendant, is deprived of effective Counsel during the period for

filing a motion for new trial, the remedy is to reset the appellant time limits. see. Ward v. State 740 S.W. 2d 794, 800 (Tex. Cr. App. 1987) (en blanc)" In Ward, the Court of Criminal Appeals examined Counsel's action in failing to secure a statement of the facts which rendered the subsequent appeal meaningless. The Court held the inaction to be ineffective assistance of Counsel in conjuction with Motion for New Trial. Since the attorney by the court, the holdings both in Benson, and Ward, seem appropicate. Movent's records clearly shows that Movent's trial counsel failed to file Motion for New Trial, this stated in the Court of Appeals Memorandom Opinion dated July 24, 2014 at Mistrial page (16) paragraph (1).[2] ((H) this also Ineffective Assistance of Counsel).

[2] Appellant Complains that the trial court erred in denying his Motion for New Trial." However, because he complains about the portion of the record in which the trial court denied his motion for mistrial and the record does not reflect that he filed a motion for new trial, we interpert his complaint to be that the trial court erred in denying his motion for mistrial.

There is a presumption that at trial counsel at Motion for New Trial is effective see Jack v. State, 64 S.W. 3d 694 (Tex. App.—Houston [1st] 2002). This Cronic Standard in conjunction with the following (IAC) violated Movent's constitional right to due process. (1) Evidence Exist

(6) Movent's trial counsel was ineffective in that he failed to conduct a reasonable pre-trial investigation or to investigate at all any aspects of the Movent's case as the court records clearly show. (Ineffective Assistance of Counsel-Failure to Investigate) see. Pavel v. Hollins 261 F. 3d 210 4.(a) Failure to prepare a defence. (b) Failure to call important facts, witnesses. (c) Failure to call Medical Expert. Ineffective Assistance of Counsel. Lindstadt v. Kean 239 F. 2d 191.12 Criminal Law 641.13 (2,1,6) 15. Habeas Corpus 482. No pre-trial investigation took place as the record clearly shows. see Dunham 650 S.W. 2d 825, 827 (Tex. Cr.

#3

App. 1983) This failing violated Movent's Constitutional right to due process and fair trial. (H),(N) Evidence Exist

(7) Movent asserts that Movent repeatedly file motions to try and obtain Movent's DNA records and Movent was denied the right to access potentially (Exculpatory Biological Evidence) in violation of the balancing test which weighs the risk of convicting an innocent person against the government's interstrest." Due Process Clause of the Fourteenth Amendment requires disclosure even without a request for Brady evidence, i.e., material evidence favorable to the accused. Brady v. Maryland 373 U.S. 83 (1963); Ex parte Mowbray, 943 S.W. 2d 461, 466 (Tex. Cr. App. 1996)(state has an "affirmative duty" to disclose favorable evidence). Ex parte Lewis, 587 S.W. 2d 697, 700 (Tex. Cr. App. 1979)

(8) At Movent's trial prosecutor knew or should have known the testimony was false and prejudice resulted. From the mouth of the prosecutor's own witnesses, it was stated more than once, Movent was not the source of the DNA found, this mentioned at the beginning of this request: (E) and (6), this being (Prosecutorial Use of Perjured Testimony By Means of Due Process)-Knowledge of law enforcement agencies is imputed to prosecurtor, even if the prosecutor himself did not know of the evidence. Kyles, 514 U.S. at 438-440; Ex parte Adams 768 2d at 292. Prosecutor knew or should have known by the evidence that the DNA belonged to someone eles with the possible probability that it was the boyfriend she tried to sneak into the apportment, yet prosecutor withheld the name to whom the DNA belonged. This favorable evidence would have aquitted Movent

Evidence is favorable if, when "disclosed and used effectively, it may make the difference between conviction and aquittal. Bagley 473 U.S. at 676; Ex parte Mitchell, 853 S.W. 2d 1, 4 (Tex. Cr. App. 1993). This was a clear violation of due process. Had favorable evidence been introduced into Movent's trial the outcome would have been an acquittal. see (J)(G)(E) of Evidence Exist

#4

In using perjured testimony it led to the prosecutor's mistatement of the material facts that were used to obtained Movent's Conviction.(Prosecutorial Misrepresentation By Means of Due Process)"T[F]ailure to adhere to a legilative directive or mode of proceding designed to safeguard a Constitutional right will likewise be Cognizable only when the omission results in denial of the constitutional protection" Ex parte Tovar, 901 S.W.2d 484, 485 (Tex. Cr. App. 1995); Ex parte Douthit, 232 S.W. 3d 69 (Tex.Cr. App. 2007) Prosecutor had to misrepresent the material fact after withholding faxorable evidence in order to gain a Conviction of Movent.

(9) Movent's conviction was also obtained as a result of (Prosecutorial Misconduct By Means of Due Process.) Prosecutor knew or should have known that with no evidence, to seek a Conviction of an innocent person violated Movent's constitutional right to due process and fair trial. An individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf in the case, including the police" Kyles 514 U.S. at 438-440; Ex parte Adams 768 s.w.2d at 292. The Due Process Clause of the Fourteenth Amendment requires disclosure even without a request for Brady evidence, i.e., Material evidence favorable to the accused Brady v. Maryland 373 U.S. 83 (1963); Ex parte Mowbray 943 S.W.2d 146, 466 (Tex.Cr. App. 1996) (state has an "affirmative duty" to disclose favorable evidence), Ex parte Lewis 587 S.W. 2d 697, 700 (Tex. Cr. App. 1979). A Constitutional violation(G) E. EXIST

(10) Movent was denied Due Process by a combined effect of individually harmless errors which in Combination, rendered defence for less persuasive than it otherwise would have been. (Cumulative Error)-There were many errors, were not harmful in and of themselves, which we conclude they were, the Combined effect of all the errors in this Case (including the opinion testimony of Detective Carruso) harmed appellant. Sandavol v. State 409 s.w. 3d 259, 278 (2013) see Gamboa v. State, 296 s.w. 3d 574, 585 (Tex.Cr. App. 2009) ([I]t is possible for a number of errors to Cumulatively rise to the point where they become harmful [.]") These cumulative errors violated

#5

Constitutional right to due process. see Chambers v. Miss 410 U.S. 284 (1949); Stohl v. State, 749 S.W. 2d 826, 832 (Tex. Cr. App 1988); Ex parte Dunham, 650 S.W. 825, 827 (Tex. Cr. App. 1983) (H). Evidence Exist

As to further misconduct on prosecutor's part, prosecutor plans to use a witness Jasmine Youngblood from charge no. 1239110 for case no. 1239111. Should Movent be granted an acquittal in charge no. 1239111. In part this brings into question (Double Jeopardy Retrial Same Element's). Movent was or/is going to be retried for an offence which includes as an essential ellement the same issues of critical fact that was denied in his favor in the acquittal. see yeager v. U.S. 129 S. Ct. 2360 (2009), Ex. parte Knipp. 236 S.W. 3d 214 (Tex. Cr. App. 2007) also Ex parte Jefferson, 681 S.W. 3d 33, 34 (Tex. Cr. App. 1984). A tale of sexual assault was created by two sisters in charge no. 1239110 and charge no. 1239111 to prevent a move to another city away from friends. All this mentioned before has cause Movent who is Actually Innocent undue harm, and collateral damage as these or stated.

The probability now exist and was created here by State, in where State has failed to adhere to a legislative directive mode of proceding that was designed to safeguard a constitutional right. State violated as (previously stated), and plans to violate again Movent's due process right by use of perjured witness or witnesses. Motive and design Attachment #1 Charge no 1239110

Movent seeks to prevent such an act so against Movent's constitutional right again as to Movent's Due Process and Fair Trial, as guaranteed by 5,6 and 14 to the U.S. Constitution and request of this Court a Suggestion that the Court Reconsider On It's Own Initiative. In finding the federal time limits were tolled by the filing of such a suggestion, the Fifth Circuit relied on three Texas cases, Ex parte Lemke, 13 S.W. 3d 791 (Tex.Cr. App. 2000) (Court acted on "Motion for Reconsideration (On the Court's Own Motion"); Ex parte Smith, 977 S.W. 2d 610 (Tex. Cr. App. 1998); Ex parte Graham 853 S.W. 2d 565 (Tex. Cr.

#16

App. 1993).

Wherefore, Premises, Considered, Movent Carl Edmond Yancy prays and ask the Court to act on Movent's Suggestion the Court Reconsider On It's Own Initiative and render it's judgment on this reconsideration, the issues findings of facts and conclusion of law in according with the constitution and Texas procedings.

Respectfully Submitted *Carl Edmond Yancy*

Carl Edmond Yancy, Movent

TDCJ-CID# 1847638

Stringfellow Unit

1200 FM 655

Rosharon, Texas 77583

June 12, 2015

OFFENSE: ASAL

CAUSE NO. 1239110

THE STATE OF TEXAS

IN THE 178 DISTRICT COURT

VS.

OF

CARL YANCY

HARRIS COUNTY, TEXAS

## MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the State of Texas, by and through her District Attorney, and respectfully requests the Court to dismiss the above entitled and numbered criminal action for the following reason:

X The Defendant was convicted in another case. 1239111
  In custody elsewhere.
  Old case, no arrest.
  Missing witness.
  Request of complaining witness.
  Motion to suppress granted.
  Co-Defendant tried, this Defendant testify.
  Insufficient evidence.
  Co-Defendant convicted, insufficient evidence this Defendant.
  Case refiled as cause no.          .
  Other.

FILED
Chris Daniel
District Clerk
FEB 25 2013

EXPLANATION:    Case to be refiled if necessary

WHEREFORE, PREMISES CONSIDERED, it is requested that the above entitled and numbered cause be dismissed.

Respectfully submitted,

/s/ (initials)
Assistant District Attorney
Harris County, Texas

## ORDER

The foregoing motion having been presented to me on this the 25 day of February, A.D. 2012 and the same having been considered, it is, therefore, ORDERED, ADJUDGED, and DECREED that said above entitled and numbered cause be and the same is hereby dismissed.

/s/ David L. Mendoza
Judge
178 DISTRICT COURT
HARRIS COUNTY, TEXAS

RECORDER'S MEMORANDUM
This image is of poor quality at time of
imaging

White-Original          Yellow-Defendant's Copy

II-147-(06/03)

EXhibit 1